**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-30-DLB**

**BRIAN LEN LEDFORD**                                                 **PETITIONER**

**v.**                        **MEMORANDUM OPINION AND ORDER**

**DAVID LEMASTER, Warden**                               **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Brian Ledford has filed a habeas corpus petition challenging the Bureau of Prisons' denial of earned time credits under the First Step Act of 2018 ("FSA"). (Doc. # 1). The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In February 2015 Ledford pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). In December 2015, he was sentenced to 78 months imprisonment to be followed by five years of supervised release. *United States v. Ledford*, No. 5: 15-CR-14-KDB-DSC-1 (W.D.N.C. 2015) ("*Ledford I*").

In October 2020, after Ledford had served the prison term imposed in *Ledford I* but while he was still on supervised release, he was arrested for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). Ledford pleaded guilty to that offense, and on June 2, 2021, he was sentenced to 60 months imprisonment "consecutive to any undischarged term of imprisonment imposed by any state or federal

1

court, including 5:15CR14-01 (WDNC), whether previously or hereafter imposed." *United States v. Ledford*, No. 5: 21-CR-6-KDB-DSC-1 (W.D.N.C. 2021) ("*Ledford II*"). On the same day, the same judge held a hearing to address Ledford's violation of the terms of his supervised release in *Ledford I* by committing the new criminal conduct undergirding *Ledford II*. The trial court revoked Ledford's supervised release and sentenced him to 30 months imprisonment "consecutive to any undischarged term of imprisonment imposed by any state or federal court, including sentence imposed in 5:21CR6-01 (WDNC), whether previously or hereafter imposed." *See Ledford I* (Doc. # 46 therein at 2). Ledford is thus currently serving a combined term of 90 months imprisonment for the drug trafficking charge and supervised release violation.

The FSA permits federal prisoners to earn sentence credits, thus shortening their sentence, by participating in vocational classes and rehabilitation programming. *See* 18 U.S.C. § 3632(d). But prisoners convicted of certain crimes are not eligible. Ledford committed one of the disqualifying offenses, namely possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *See* Section 3632(d)(4)(D)(xxii). Ledford nonetheless argued to the BOP that he is entitled to FSA credits because the portion of his sentence attributable to the disqualifying Section 924(c) conviction is to be treated separately from the portion of his sentence attributable to his drug trafficking conviction under Section § 841(a), thus entitling him to FSA credits for the portion of his sentence imposed for a non-disqualifying offense. *See* (Doc. # 1-1 at 6). The BOP disagreed, noting that by statute "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." (Doc. # 1-1 at 7 (quoting 18 U.S.C. § 3584(c))).

The Court agrees with the BOP.  While the FSA is a statute of comparatively recent vintage, there is similar language in other statutes which provide sentence credits for program completion, provided the prisoner does not have a disqualifying conviction.  For instance, federal law provides that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(b).  Because the statute does not define what offenses qualify as "nonviolent," the BOP established by regulation the kinds of offenses which disqualify the prisoner from earning sentence credits under the provision.  *See* 28 C.F.R. § 550.55(b)(4), (5).

But a federal prisoner may be serving a sentence for two offenses, one of which is "nonviolent" and another which is not.  To decide whether the prisoner is eligible for sentence credit upon completing a program such as the Residential Drug Abuse Program ("RDAP"), the BOP addressed the conundrum by referencing the federal statute which provides that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

Courts have consistently upheld the BOP's application of this provision to determine eligibility for a sentence reduction.  The Ninth Circuit recently considered this issue in a case with functionally identical facts:

> We next consider Mr. Moreno's claim that BOP improperly aggregated his 2012 felon in possession of a firearm conviction - for which he was serving a term of imprisonment upon revocation of a term of supervised release - with his 2016 drug trafficking charge. ...

3

> A term of supervised release imposed by a sentencing court - although distinct from a term of imprisonment - is, as a matter of law, a component of the overall sentence imposed on a defendant's conviction. Indeed, the Supreme Court has recognized that post-revocation penalties relate to the original offense of conviction. Thus, revocation of supervised release is a reinstatement of the sentence for the underlying crime, not a punishment for the conduct that led to the revocation in the first place.
>
> We find that BOP did not violate the plain meaning of the relevant statutes when it aggregated Mr. Moreno's 2012 conviction with his 2016 conviction to determine that he was ineligible for the RDAP sentence reduction incentive. ... BOP followed the plain meaning of § 3584(c) to aggregate Mr. Moreno's two sentences. Once aggregated, the 2012 supervised release revocation sentence and the 2016 sentence were both "current" for purposes of determining eligibility for the RDAP sentence reduction. *See, e.g., Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) (holding that a prisoner incarcerated on multiple sentences is in custody on all sentences, even if the time for completing one of the sentences has arguably passed, for purposes of habeas relief). Insofar as Mr. Moreno argues that § 3584(c) is limited to sentence computation, no such limit exists in the language of the statute, and other courts have recognized that the statute applies to all administrative determinations made by BOP. *Lopez v. Davis*, 531 U.S. 230, 242, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001).

*Moreno v. Ives*, 842 F. App'x 18, 20-22 (9th Cir. 2020) (some citations omitted). *See also Wold v. Fed. Bureau of Prisons*, No. 4:18-CV-04061-VLD, 2018 WL 4906273 (D.S.D. Oct. 9, 2018) (same); *Johnson v. Holinka*, No. 06-CV-2687 (PAM-JJG), 2007 WL 1446476, * 4 (D. Minn. May 14, 2007) (rejecting petitioner's argument that "once he completes the term for the firearm offense, it should no longer disqualify him from a reduction of his remaining term."); *Thelen v. Cross*, No. 12-80-DRH-DGW, 2014 WL 51642, * 4 (S.D. Ill. Jan. 7, 2014) (finding that the BOP properly refused to "de-aggregate" petitioner's sentences so that he could receive early release under RDAP).

Courts have consistently applied this line of reasoning to reject the very argument Ledford makes here: that the mandatory aggregation required by Section 3584(c) should be disregarded for purposes of FSA eligibility. *Chambers v. Warden Lewisburg USP*, 852

4

F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes, such as - at issue here - calculating GTC under 18 U.S.C. § 3624."); *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797, at *2-4 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, 2022 WL 17128929 (D. Minn. Nov. 22, 2022) (same); *Giovinco v. Pullen*, No. 3:22-CV-1515 (VAB), 2023 WL 1928108, at *2-3 (D. Conn. Feb. 10, 2023) (same).

The BOP therefore correctly determined that Ledford is not eligible to earn FSA credits under Section 3624. This determination also resolves Ledford's passing argument that the BOP erred when calculating his PATTERN score by adding five points for having committed a violent offense, which also affected his eligibility for FSA credits. *See* (Doc. # 1 at 5, 8).

Accordingly, the Court **ORDERS** as follows:

(1)　Ledford's petition for a writ of habeas corpus (Doc. # 1) is **DENIED**.

(2)　This action is **STRICKEN** from the Court's docket.

This 28th day of March, 2023.



Signed By:
*David L. Bunning*  DB
United States District Judge

L:\DATA\ORDERS\PSO Orders\0-23-30 Leford Memorandum.docx